UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

A.G., by and through her next best friend,
CANDI GIDDENS,

                Plaintiff,

-vs-                                Case No.  5:05-cv-279-Oc-10GRJ

TOM ARNOLD, in his official capacity as
the Deputy Secretary of Florida's Medicaid
Program, MARILYN SCHLOTT, in her
official capacity as the Medicaid Field Office
Manager, Alachua County,

                Defendants.
_____

# O R D E R

      This action is before the Court on the Defendants' Motion to Dismiss (Doc. 6), to which the Plaintiff has responded (Doc. 12).  This motion is ripe for review and the Court concludes that it is due to be granted.

## Background and Facts

      The Plaintiff filed this action seeking a declaration of rights, injunctive relief, costs and attorney's fees for a violation of the Plaintiff's rights under federal Medicaid law and 42 U.S.C. § 1983.  The facts, as set forth in the Plaintiff's Complaint (Doc. 1), are as follows. The Plaintiff, a child and Medicaid recipient who suffers from various physical impairments, including paraplegia, developmental delay, scoliosis, Arnold Chiari Malformation, cloacal exstrophy, hydrocephalus, caudal regression, spina bifida, and a tethered spinal cord,

alleges that she is entitled to "Early and Periodic Screening, Diagnosis and Treatment services that include durable medical equipment." The Plaintiff claims that the Defendants, officials employed by the Florida Agency for Healthcare Administration, have refused to cover the cost of the Plaintiff's prescribed and medically necessary power wheelchair with a lift system and arbitrarily reduced the amount and scope of services to an otherwise eligible individual solely because of the type of illness or condition in violation of federal Medicaid law and section 1983.

The Defendants move to dismiss the Plaintiff's Complaint on the grounds that the Plaintiff has failed to state a cause of action under section 1983 and for lack of jurisdiction due to the Plaintiff's failure to exhaust administrative remedies. In response, the Plaintiff argues that she has met the notice pleading requirements by alleging in her Complaint that the Defendants acted under color of state law and violated the Plaintiff's rights under federal Medicaid law. In addition, the Plaintiff contends that the particular facts alleged in Complaint support a claim under section 1983.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[1] As the Supreme Court declared in <u>Conley v. Gibson</u>, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the

---

[1]    <u>Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.</u> 400 F.2d 465, 471 (5th Cir. 1968).

plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[2]

Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can

grant, regardless of whether it asks for the proper relief," it is sufficiently plead.[3]

## Discussion

*A. Specificity Required*

"To state a claim under section 1983, a plaintiff must allege facts showing that the

defendant's act or omission, done under color of state law, deprived [her] of a right,

privilege, or immunity protected by the Constitution or laws of the United States."[4]  To avoid

dismissal of her section 1983 action, the Plaintiff must set forth specific facts that would,

if proved, warrant the relief she seeks.[5]  Therefore, the mere statement in her Complaint

that the Defendants acted under color of state law and violated a federal statute is not

sufficient to state a claim upon which relief may be granted under section 1983.

Accordingly, the Court will examine the specific facts of the Plaintiffs Complaint to

determine whether they support a claim under section 1983.

---

[2]      Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

[3]      Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

[4]      Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985).

[5]      See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998) ("[W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim."); Johnson v. Wells, 566 F.2d 1016, 1017 (5th Cir. 1978).

*B. The Parties' Arguments*

A "right" created by Medicaid law is enforceable against state officials in a civil action brought by a plaintiff under section 1983.[6]  To determine whether Medicaid law creates a federal right enforceable under section 1983, the Plaintiff must show that (1) the provision at issue was intended to benefit her; (2) that the provision at issue imposes a binding obligation on the governmental unit; and (3) that the interest is not "too vague and amorphous" for judicial enforcement.[7]

The Defendants contend that the Plaintiff's section 1983 claim fails because she has not met the second or third prongs of the test, therefore she has no right which is enforceable under section 1983.  In particular, the Defendants claim that there is no binding provision under federal law which requires them to furnish the Plaintiff with a power wheelchair.  In addition, the Defendants argue that the third prong of the test is not met because Medicaid law does not provide for specific guidelines or mandates as to what durable medical equipment is sufficient in amount, duration, and scope to be medically necessary for the Plaintiff in this case.

In response, the Plaintiff cites 42 U.S.C. § 1396 and <u>Esteban v. Cook</u>[8] to support her argument that since Florida has elected to provide Medicaid recipients with "durable

---

[6]     <u>Florida Pharmacy Ass'n v. Cook</u>, 17 F. Supp. 2d 1293, 1297 (N.D. Fla. 1998); <u>Cramer v. Chiles</u>, 33 F. Supp. 2d 1342, 1351 (S.D. Fla. 1999).

[7]     <u>See</u> <u>Harris v. James</u>, 127 F.3d 993, 999 (11th Cir. 1997) (quoting <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 509 (1990).

[8]     77 F. Supp. 2d 1256 (S.D. Fla. 1999).

medical equipment" under Florida Statutes § 409.905(2) and (4),[9] she has a right to a

power wheelchair and the only remaining question before the Court is whether the

wheelchair is "medically necessary."   Further, the Plaintiff argues that her right to a

wheelchair is not "too vague and amorphous" to be enforced.   As in Esteban where a

district court ruled that "once the State voluntarily elects to provide wheelchairs to eligible

Medicaid recipients, it must provide wheelchairs that are sufficient in amount, duration and

scope to achieve their purpose,"[10] this Court would be able to determine whether the denial

of a power wheelchair with a lift system results in services which are insufficient in amount,

duration, and scope to achieve their purpose as required by federal law.

---

[9]     Fla. Stat. § 409.905 provides:

(2) Early and periodic screening, diagnosis, and treatment services.--The agency
shall pay for early and periodic screening and diagnosis of a recipient under age 21
to ascertain physical and mental problems and conditions and provide treatment to
correct or ameliorate these problems and conditions. These services include all
services determined by the agency to be medically necessary for the treatment,
correction, or amelioration of these problems, including personal care, private duty
nursing, durable medical equipment, physical therapy, occupational therapy, speech
therapy, respiratory therapy, and immunizations.
. . .

(4) Home health care services.--The agency shall pay for nursing and home health
aide services, supplies, appliances, and durable medical equipment, necessary to
assist a recipient living at home. An entity that provides services pursuant to this
subsection shall be licensed under part IV of chapter 400. These services,
equipment, and supplies, or reimbursement therefor, may be limited as provided in
the General Appropriations Act and do not include services, equipment, or supplies
provided to a person residing in a hospital or nursing facility.

[10]     Esteban, 77 F. Supp. 2d at 1262.

The Court concludes that the Plaintiff's arguments are without merit.  First, the Plaintiff's reliance on Florida Statutes § 409.905(2) and (4) is not appropriate in this case. To prove that she has a federal right enforceable under section 1983, the Plaintiff must show that Congress intended for such a right to exist (not the state legislature), and she must identify federal statutes and their corresponding federal regulations which create a federal right enforceable under section 1983.[11]  And as discussed below, the federal statutes and regulations identified by the Plaintiff do not establish such a right.  Secondly, Esteban, a decision by the United States District Court in the Southern District of Florida, does not establish that the Plaintiff has a federal right to a power wheelchair which is enforceable under section 1983.  The question presented in Esteban was "whether the State's limitation of $582 on the coverage of wheelchairs provided to Plaintiffs is contrary to the purposes of the Medicaid statute" and "not whether the Medicaid Act requires participating states to provide motorized or customized wheelchairs to eligible Medicaid recipients,"[12] the latter of which better describes the issue in this case.  Furthermore, the district court in Esteban made no mention of section 1983 or binding Eleventh Circuit

---

[11]     See Harris, 127 F.3d at 1008-1009 ("In our view, the driving force behind the Supreme Court's case law in this area is a requirement that courts find a Congressional intent to create a particular federal right. . . [Supreme Court precedent] would seem to indicate that so long as the statute itself confers a specific right upon the plaintiff, and a valid regulation merely further defines or fleshes out the content of that right, then the statute – 'in conjunction with the regulation' – may create a federal right as further defined by the regulation.").

[12]     Esteban, 77 F. Supp. 2d at 1259-60.

precedent which sets forth the test to determine whether a "federal right" enforceable under section 1983 exists, and such an analysis is required in this case.

*C. Does the Plaintiff have a "federal right" enforceable under section 1983?*

As previously mentioned, to determine whether Medicaid law creates a federal right enforceable under section 1983, the Plaintiff must show that (1) the provision at issue was intended to benefit her; (2) that the provision at issue imposes a binding obligation on the governmental unit; and (3) that the interest is not "too vague and amorphous" for judicial enforcement.[13] The parties agree that the first prong of the test has been established, but the Defendants argue that the second and third prongs of the test have not been met, therefore the Plaintiff's Complaint does not include a federal right which is enforceable under section 1983. Accordingly, the Court will first apply the second prong of the test and analyze whether Medicaid law imposes a binging obligation upon the Defendants to provide the Plaintiff with a power wheelchair with a lift system.

In her Complaint, the Plaintiff alleges that the Defendants violated the following federal Medicaid statutes and regulations when they refused to provide her with a power wheelchair: (1) the general purpose provision of the Medicaid Act, 42 U.S.C. § 1396; (2) the "Early and periodic screening, diagnostic, and treatment services" provision of the Medicaid Act, 42 U.S.C. § 1396d(r); and (3) the "amount, duration, and scope" provision

---

[13]     See Harris, 127 F.3d at 999.

of the Medicaid Act, 42 U.S.C. § 1396a(a)(10)(B)(i), and its corresponding federal regulation, 42 C.F.R. § 440.230.  The Court will address each provision in turn.

42 U.S.C. § 1396 states that the purpose of the federal Medicaid program is:

> to furnish (1) medical assistance on behalf of families with dependent children and of aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services, and (2) rehabilitation and other services to help such families and individuals attain or retain capability for independence or self-care. . .

The Court fails to see how this general provision imposes a binding obligation upon the Defendants to provide the Plaintiff with a power wheelchair.  Section 1396 simply explains the purpose of the Medicaid program and imposes no specific obligations upon the Defendants.   In addition, if this Court were to recognize that this general provision establishes a specific federal right to a power wheelchair which is enforceable under section 1983, the Court's decision would contradict Harris v. James, where the Eleventh Circuit held that Medicaid recipients had no federal right to transportation services to and from healthcare providers which was enforceable under section 1983.[14]

---

[14]    Id. at 1009-1012.  The plaintiffs in Harris did not rely upon the general purpose provision of the federal Medicaid Act, but several provisions of 42 U.S.C. § 1396a(a). In particular, the plaintiffs claimed the following provisions were violated when the defendants refused to provide them with transportation to and from their healthcare providers:

> (a) A State plan for medical assistance must-
> (1) provide that it shall be in effect in all political subdivisions of the State, and, if administered by them, be mandatory upon them;
> . . . . .
>
> (4) provide (A) such methods of administration . . . as are found by the Secretary to be necessary for the proper and efficient operation of the plan . . .;

(continued...)

Likewise, 42 U.S.C. § 1396d(r) imposes no binding obligation upon the Defendants to provide the Plaintiff with a power wheelchair.  In relevant part, section 1396d(r) states that "early and periodic screening, diagnostic, and treatment services" includes

---

[14](...continued)
. . . . .

(8) provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals;
. . . . .

(10) (B) that the medical assistance made available to any individual described in subparagraph (A) [describing the so-called "categorically needy"]
(i) shall not be less in amount, duration, or scope than the medical assistance made available to any other such individual, and
(ii) shall not be less in amount, duration, or scope than the medical assistance made available to individuals not described in subparagraph (A). . .;
. . . . .

(19) provide such safeguards as may be necessary to assure that eligibility for care and services under the plan will be determined, and such care and services will be provided, in a manner consistent with simplicity of administration and the best interests of the recipients;
. . . . .

(23) provide that (A) any individual eligible for medical assistance . . . may obtain such assistance from any institution, agency, community pharmacy, or person, qualified to perform the service or services required . . . who undertakes to provide him such services.

Id. at 1005.  The plaintiffs in Harris also relied upon a federal regulation which specifically provided that "[a] State plan must . . . [s]pecify that the Medicaid agency will ensure necessary transportation for recipients to and from providers. . ." Id. at 996.  The Eleventh Circuit ultimately ruled that none of these provisions, which are more specific than the general purpose provision of the Medicaid Act, provided the plaintiffs with a federal right to transportation to and from healthcare providers which was enforceable under section 1983. Id. at 1012.

> [s]uch other necessary health care, diagnostic services, treatment, and other measures described in subsection (a) of this section [which defines "Medical assistance"] to correct or ameliorate defects and physical and mental illnesses and conditions discovered by the screening services, whether or not such services are covered under the State plan.

The Court is unable to discern from this statutory provision that Congress intended to create a federal right to a power wheelchair which is enforceable under section 1983. Accordingly, the Court finds that section 1396d(r) does not create a federal right to a power wheelchair enforceable under section 1983.

Lastly, the Court concludes that "amount, duration, and scope" provisions of the Medicaid Act and its corresponding regulations do not impose a binding obligation upon the Defendants to provide the Plaintiff with a wheelchair.  Pursuant to 42 U.S.C. § 1396a(a)(10)(B)(i), "[a] State plan for medical assistance must . . . provide . . . that the medical assistance made available to any [eligible] individual . . . shall not be less in amount, duration, or scope than the medical assistance made available to any other such individual."  The corresponding "amount, duration, or scope" regulation provides that a state plan

> must specify the amount, duration, and scope of each service that it provides for . . . [t]he categorically needy; and . . . [e]ach covered group of medically needy. . . [In addition,] [e]ach service must be sufficient in amount, duration, and scope to reasonably achieve its purpose. . . [And] [t]he Medicaid agency may not arbitrarily deny or reduce the amount, duration, or scope of a required service under §§ 440.210 and 440.220 to an otherwise eligible recipient solely because of the diagnosis, type of illness, or condition. . . [Lastly,] [t]he agency may place appropriate limits on a service based on such criteria as medical necessity or on utilization control procedures.

In Harris, the Eleventh Circuit concluded that the "amount, duration, and scope" statute did not impose a binding obligation upon the defendants to provide the plaintiffs with transportation services to and from providers, even though a federal regulation specifically provided for such a right.[15]  In this case, the Plaintiff has identified no federal regulation providing her with right to a power wheelchair, and the content of the federal Medicaid statute does not suggest that Congress intended for her to have such a right which is enforceable under section 1983.   Therefore, the Court concludes that the "amount, duration, and scope" provisions of federal Medicaid law do not impose a binding obligation upon the Defendants.

This is a hard case.  Any caring person must necessarily sympathize with the Plaintiff's medical and physical condition.  But sympathy cannot be indulged to create bad law.  Since the allegations in the Plaintiff's Complaint are insufficient to show that she had a "federal right" to a power wheelchair with a lift system which is enforceable under section 1983, the Court concludes that the Plaintiff's Complaint is due to be dismissed for failure to state a cause of action under section 1983.  Further, the nature of the case is such that any amendment of the Plaintiff's Complaint could not cure the flaw in the claim – any amendment would be futile.

## Conclusion

Accordingly, upon due consideration, it is ordered that:

---

[15]      Id. at 1011-1012.

(1)  the Defendants' Motion to Dismiss (Doc. 6) is GRANTED;

(2) the Plaintiff's Complaint (Doc. 1) is DISMISSED; and

(3) the Clerk is directed to enter judgment in favor of the Defendants, terminate any pending motions, and close the file in this matter.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 13th day of February, 2006.

_____

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record
              Maurya McSheehy

12